**UNITED STATES of America,**

v.

**Matt A. PLEDGER, Movant.**

**Nos. 92–20051–01, (95–3087–JWL), 92–20082–01 and (95–3156–JWL).**

United States District Court, D. Kansas.

May 5, 1995.

Matt A Pledger, Leavenworth, KS, pro se.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

### I. Introduction

The defendant, Matt A. Pledger, has filed identical motions pursuant to 28 U.S.C. § 2255 attacking a sentence imposed by this court in case nos. 92–20051–01 (Doc. # 67) and 92–20082–01 (Doc. # 37). In his motions, defendant contends that his convictions in the criminal cases violated his constitutional protection against double jeopardy because, he contends, they took place subsequent to a civil forfeiture of his property. Defendant also contends that he received ineffective assistance of counsel due to his trial counsel's referring to him as a "known drug dealer" during closing arguments and the failure of both his trial and appellate counsel to raise the double jeopardy issue. The government has filed its response to said motions and the defendant has filed his reply. Following a thorough review of the record of the case, the parties' submissions and the applicable law, the court is now prepared to rule on the motions. For the reasons set forth below, the motions are denied.

### II. Factual Background

There were proceedings involving Mr. Pledger or his property in the United States District Court for the District of Kansas under three different case numbers:

#### A. Case No. 92–20051–01

In this case, defendant was named in a four count indictment on July 15, 1992, which charged him as follows:

Count 1: Attempted possession of approximately 100 pounds of marijuana, with intent to distribute, in violation of 21 U.S.C. § 846;

Count 2: Possession of approximately 30 pounds of marijuana, with intent to distribute, in violation of 21 U.S.C. § 841(a)(1);

Count 3: Using and carrying a firearm in conjunction with drug trafficking, in violation of 18 U.S.C. § 924(c); and

Count 4: Possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

The defendant was tried by a jury on these counts. The jury was impaneled and sworn on October 6, 1992. On October 16, 1992, defendant was found guilty on counts 1 and 2. A mistrial was declared on counts 3 and 4 after the jury was unable to reach a verdict. The defendant was sentenced on March 15, 1993, at which time he was remanded into custody. Counts 3 and 4 were dismissed. Defendant appealed his conviction and the Tenth Circuit Court of Appeals affirmed his conviction (Case No. 93–3112).

#### B. Case Number 92–20082–01

Defendant was named in a one count indictment on November 18, 1992, case number 92–20082–01, which charged him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).[1] On January 4, 1993, the defendant entered a plea of guilty to the one count charged in the indictment. The defendant was sentenced on this count on March 15, 1993, along with his sentencing in case number 92–20051–01. Defendant appealed this sentence, which was affirmed by the Tenth Circuit Court of Appeals (Case Number 93–3112).

#### C. Case Number 92–2342–EEO

On September 21, 1992, a civil forfeiture action was filed by the United States against defendant's house, car and truck in *United States v. 2520 North 33rd Street, et al.*, case number 92–2342–EEO. In that action, the United States sought a civil forfeiture of defendant's real and personal property pursuant to 21 U.S.C. §§ 881(a)(4) and (a)(7). On October 28, 1992, the government executed a warrant for arrest of the property. Defendant filed an answer and a claim on November 6, 1992. After defendant did not oppose the government's March 10, 1993 motion for summary judgment, the court entered a memorandum and order on June 3,

---

**1.** This charge involved a different firearm than the one that formed the basis of counts 3 and 4 in case number 92–20051–01.

1993, granting the motion. The court entered a decree of forfeiture on June 11, 1993.

## III. Discussion

### A. Double Jeopardy

 Defendant argues that, based on several recent appellate court decisions, the government's instituting the separate criminal proceedings and civil forfeiture action against him constituted a violation of the double jeopardy clause because it subjected him to successive punishments in separate actions based on the same conduct.[2] Defendant further contends that jeopardy attached first in his civil forfeiture action, and therefore his conviction and sentence in the criminal case should be voided. The government, on the other hand, argues that under the circumstances present here, the separate civil and criminal proceedings did not constitute a double jeopardy violation. In any event, the government argues that even if the separate actions were determined to be violative of the double jeopardy clause, jeopardy attached first in the criminal proceeding and defendant is not entitled to any relief from his criminal conviction.

Defendant makes a compelling argument that separate civil forfeiture and criminal proceedings, in the context of a drug prosecution such as is present here, are violative of the double jeopardy clause. Defendant's argument is based on a trio of recent Supreme Court decisions. These decisions have spurred a number of cases, especially in the Ninth Circuit, dealing with the issue.

The first Supreme Court decision in this area was *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989). In *Halper* the defendant, who was the manager of a company which provided medical services for patients eligible for federal Medicare benefits, was convicted of submitting 65 false claims for government reimbursement in violation of the federal false-claims statute. Defendant was sentenced to prison and fined $5,000. Subsequently, based solely on facts established by his criminal conviction, the district court granted the government summary judgment in its suit against him under the federal civil False Claims Act. Under the strict terms of the Act's remedial provision, as it then existed, defendant would have been liable for a civil penalty of $2,000 on each of the 65 false claims, as well as for twice the amount of the government's actual damages of $585 and the costs of the action. However, because the statutorily authorized recovery of more than $130,000 bore no "rational relation" to the sum of the government's actual loss plus its costs in investigating and prosecuting the false claims, which the court approximated at no more than $16,000, the court held that imposition of the full statutory amount would violate the Double Jeopardy Clause of the Fifth Amendment by punishing the defendant a second time for the same conduct for which he had earlier been convicted. Since it considered the Act unconstitutional as applied to the defendant, the district court limited the government's recovery to double damages and costs. The government took an appeal.

The Supreme Court held that the statutory penalty authorized by the Act, as applied to the defendant, violated the Double Jeopardy Clause. The Court noted that the Double Jeopardy Clause protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. *Id.* at 440, 109 S.Ct. at 1897. The Court then examined the question of whether the statutory penalty authorized by the civil False Claims Act constituted a second "punishment" for the purpose of double jeopardy

---

**2.** Defendant did not raise the double jeopardy issue on his appeal. A defendant who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed. *See United States v. Allen,* 16 F.3d 377 (10th Cir.1994). The government makes no argument that defendant is barred from raising his double jeopardy argument. The court finds that because defendant's argument is based in part on appellate decisions decided subsequent to his appeal, a fundamental miscarriage of justice would occur if this court did not address his claims.

analysis. The Court held that the labels "criminal" and "civil" were not of paramount importance in determining whether a sanction constituted punishment for double jeopardy purposes. *Id.* at 447, 109 S.Ct. at 1901. The Court adopted the following test for determining whether a nominally civil sanction constituted "punishment" for double jeopardy purposes: "[A] civil sanction that cannot fairly be said *solely* to serve a remedial purpose, but rather can only be explained as *also* serving either retributive or deterrent purposes, is punishment, as we have come to understand the term." *Id.* at 448, 109 S.Ct. at 1902 (emphasis added). The Court concluded that the Act did constitute a punishment because the purposes of the Act were not solely remedial and held that "under the Double Jeopardy Clause a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as deterrent or retribution." *Id.* at 448–49, 109 S.Ct. at 1902.

The next case to which defendant directs our attention is *Austin v. United States,* —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993). In *Austin,* the Court was asked to decide whether the Excessive Fines Clause of the Eighth Amendment applied to forfeitures of property under 21 U.S.C. §§ 881(a)(4) and (a)(7). In determining that the Excessive Fines Clause did apply to forfeitures under those statutes, the Court specifically applied the *Halper* test to determine whether a civil forfeiture under 21 U.S.C. §§ 881(a)(4) and (a)(7) constituted "punishment," and it concluded that those provisions did in fact impose punishment under that test. *Id.*

Finally, defendant directs this court to the Supreme Court's decision in *Department of Revenue of Montana v. Kurth Ranch,* —— U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994). In *Kurth Ranch,* Montana law enforcement officers raided the farm of the defendants, arrested them, and confiscated and later destroyed their marijuana plants. After the defendants pled guilty to drug charges, the revenue department attempted,

in a separate proceeding, to collect a state tax imposed on the possession and storage of dangerous drugs. That tax was collected only after any state or federal fines or forfeitures had been satisfied, and taxpayers were forced to file a return after they were arrested. In bankruptcy proceedings filed by the defendants, they objected to the Montana revenue department's proof of claim for the tax and challenged the tax's constitutionality. The Bankruptcy Court held, among other things, that the assessment on harvested marijuana was a form of double jeopardy invalid under the Constitution. The bankruptcy court's holding was upheld by the District Court and the Court of Appeals. The Supreme Court affirmed this result, holding that the proceeding Montana initiated to collect a tax on the possession of drugs was the functional equivalent of a successive criminal prosecution that placed the Kurths in jeopardy a second time for the same offense. *Id.* at ——, 114 S.Ct. at 1948.

◼ Given the Supreme Court's holdings in *Halper, Austin* and *Kurth Ranch,* the defendant's argument that the separate criminal and civil forfeiture actions brought against him by the government were violative of the double jeopardy clause has much merit. Indeed, a number of decisions by various appellate and district courts have reached that very conclusion. *See United States v. $405,089.23 United States Currency,* 33 F.3d 1210 (9th Cir.1994) (holding that separate civil forfeiture proceeding under 21 U.S.C. 881(a)(6), which was brought subsequent to a criminal conviction for drug distribution, violated double jeopardy protections and should be dismissed); *United States v. Stanwood,* 872 F.Supp. 791 (D.Or.1994) (a civil forfeiture pursuant to 21 U.S.C. § 881(a)(7) is a punishment for double jeopardy purposes); *United States v. McCaslin,* 863 F.Supp. 1299 (W.D.Wash.1994) (vacating defendant's criminal conviction for drug offenses due to prior civil forfeiture proceeding brought under 21 U.S.C. § 881(a)(7)). Nevertheless, the court finds that, even if it were to accept defendant's argument, defendant would not be entitled to relief from his criminal conviction. This is because the court finds that, under any analysis, jeopardy attached in defendant's criminal prosecution

prior to the time it attached in the civil forfeiture proceeding.

Upon a thorough review of the Supreme Court opinions cited above and the various lower court opinions dealing with this issue, it is apparent that a great deal of confusion exists as to whether separate civil forfeiture and criminal prosecutions should be analyzed under a "successive prosecutions" or a "multiple punishments" analysis. In *Halper*, the Supreme Court, in setting forth its holding, speaks in terms of successive punishments. *Halper*, 490 U.S. at 448, 109 S.Ct. at 1902 ("under the Double Jeopardy Clause a defendant *who already has been punished* in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as deterrent or retribution") (emphasis added). In its analysis of the issue in *United States v. $405,-089.23 United States Currency*, 33 F.3d 1210 (9th Cir.1994), the Ninth Circuit focuses on the Double Jeopardy Clause's protections against multiple prosecutions. *Id.* at 1215.[3]

In the present case, the court finds that jeopardy attached in defendant's criminal case prior to the civil forfeiture under either analysis. Under a successive prosecution analysis, jeopardy attaches in a criminal case when the jury is empaneled and sworn. *Crist v. Bretz*, 437 U.S. 28, 29, 98 S.Ct. 2156, 2157–58, 57 L.Ed.2d 24 (1978). The jury was impaneled and sworn in defendant's criminal case on October 6, 1992. This was prior to the date the government executed a warrant for the arrest of defendant's property in the civil forfeiture case, which occurred on October 28, 1992, and prior to the date defendant answered and filed a claim in the civil forfeiture case, which occurred on November 6, 1992. Thus, under a successive prosecution analysis, jeopardy clearly attached first in defendant's criminal case.

Under a multiple punishments analysis, jeopardy attaches in a criminal case at the time a defendant begins serving his or her sentence. *See United States v. Von Moos*, 660 F.2d 748, 749 (9th Cir.1981). Defendant

was sentenced and immediately began serving his sentence on March 15, 1993. This occurred prior to the date the decree of forfeiture was entered in the civil forfeiture case on June 11, 1993. Thus, under a multiple punishments analysis, jeopardy attached first in defendant's criminal case.

■ In his reply, defendant argues that if this court were to rule that jeopardy attached first in his criminal case, then the civil forfeiture action constituted double jeopardy and defendant is entitled to a return of his property. Whatever the merits of defendant's argument, the court has no jurisdiction to entertain this argument. Defendant brought his motion under 28 U.S.C. § 2255, which confers jurisdiction on this court to vacate, set aside or correct an improper sentence resulting from a criminal case. There is no language in the statute which would purport to give the court jurisdiction to overturn the civil forfeiture against the defendant. Because the court has found that defendant's double jeopardy argument does not entitle him to relief from his criminal sentence, and further finds that it does not have jurisdiction to overturn defendant's civil forfeiture, defendant's motion is denied as to those arguments.

### B. Ineffective Assistance of Counsel

■ In his motion, defendant contends he was denied effective assistance of counsel because his "attorney at trial prejudiced the jury against him in his closing argument by referring to him as a known drug dealer. This statement against him was demeaning, and did not focus on the insufficiency of evidence needed to connect Mr. Pledger with the crimes being committed by the Government's chief witness, Mr. Carthon."

Defendant's counsel, Mr. Carl Cornwell, has submitted an affidavit to the court in regards to this matter. In his affidavit, Mr. Cornwell states that he concluded prior to closing argument that there was overwhelming evidence of Mr. Pledger's guilt on count 2 of the indictment, which charged Mr. Pledger

---

**3.** Illustrative of the confusion in this area, Justice Scalia, in his dissent in *Kurth Ranch* in which he is joined by Justice Thomas, contends that the Double Jeopardy Clause does not even contain a multiple punishments component. *Kurth Ranch,* — U.S. at ———– ——, 114 S.Ct. at 1955–60.

with possession of approximately 30 pounds of marijuana. His strategy was to establish some degree of credibility so that he could more successfully argue against convictions on the other three counts, particularly the two gun counts with their relatively heavy penalties. In his closing argument, Mr. Cornwell did admit that there was sufficient evidence to find Mr. Pledger guilty on count 2.[4] Mr. Cornwell states in his affidavit that it was and is his opinion that by taking the strategy that he did in defendant's closing argument that he saved him 60 months imprisonment due to the fact that the jury was unable to reach a verdict on the firearms counts contained in counts 3 and 4 of the indictment and those claims were eventually dismissed. Mr. Cornwell further avers that he undertook this strategy only after discussing it with the defendant.

▮ In order for a defendant to succeed on a claim of ineffective assistance of counsel, he or she must satisfy each part of the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland* and its progeny, the defendant must first show that trial counsel "committed serious errors so as to not be functioning as the 'counsel' provided by the Sixth Amendment," and second, the defendant must demonstrate that trial counsel's performance was so prejudicial to the defense "that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." *United States v. Rantz*, 862 F.2d 808 (10th Cir.1988), *cert. denied* 489 U.S. 1089, 109 S.Ct. 1554, 103 L.Ed.2d 857 (1989).[5] If it is easier for the court to dispose of an ineffective assistance of counsel claim on the ground of lack of sufficient prejudice, the court need not first determine whether trial counsel's performance was deficient. *United States v. Jones*, 852 F.2d 1275 (10th Cir.1988); *United States v. Taylor*, 832 F.2d 1187 (10th Cir.1987).

The court finds that the evidence against defendant on the possession charge at trial was overwhelming. The government presented evidence at trial that a search of the basement of defendant's home had revealed a large cooler full of packaged marijuana. The authorities also discovered a trap door in the floor, under which was found a box-shaped hole containing additional marijuana, a triple beam balance scale, and a revolver. The revolver was loaded and located in a shaving case with some of the marijuana. The total weight of the marijuana in the room was 30.54 pounds. Elsewhere in the basement was a small office in which there was a desk which had marijuana residue and some boxes of plastic bags of the type used for packaging marijuana.

Given the overwhelming weight of the evidence presented by the government at trial against defendant on the possession charge, the court is of the opinion that any rational jury would have convicted defendant on that charge even had Mr. Cornwell not conceded defendant's guilt as to that charge in his closing argument. In fact, had Mr. Cornwell attempted to deny defendant's guilt as to that charge, absent any credible evidence that the authorities had either planted the drugs at the defendant's house or were in fact out and out lying about finding it there, the court is of the opinion that the defense would have lost all credibility with the jury on the arguments regarding the remaining counts. Mr. Cornwell, in the exercise of his professional judgment, made a tactical decision to concede defendant's guilt on count 2, in the face of the overwhelming evidence presented by the government at trial, in order to establish credibility with the jury concerning defendant's arguments regarding the other counts of the indictment, as to which the evidence presented by the government was actually quite strong, if not overwhelming. Mr. Cornwell, in fact, did a very effective job in his closing argument in raising doubt about defendant's guilt as to counts 3

---

4. The court's review of the record reveals that at no time in his closing argument did Mr. Cornwell refer to defendant as a "known drug dealer," contrary to what defendant alleges in his motion.

5. The *Strickland* test applies in cases such as this, where a trial attorney has made a tactical decision to concede the guilt of his client on one of several charges. *See, e.g., United States v. Swanson*, 943 F.2d 1070, 1075–76 (9th Cir.1991).

and 4. It is the opinion of this court that it is extremely likely that the increased credibility gained by the defense in conceding defendant's guilt on count 2, where overwhelming evidence had been presented against him, was instrumental in creating the doubt among the jurors that led to a hung jury on counts 3 and 4, which saved defendant from an additional five years in prison. Given the state of the evidence adduced at the trial, the court finds that Mr. Cornwell's tactical decision to concede defendant's guilt on count 2 was correct and was taken in his client's best interests. *See, e.g., United States v. Williamson*, 53 F.3d 1500, 1509–12 (10th Cir. 1995). Accordingly, the court finds that there was no violation of defendant's right to constitutionally sufficient representation.

Defendant also claims that he received ineffective assistance of counsel due to the failure of either his trial or appellate counsel to raise the double jeopardy issue. As discussed above, the court has determined that defendant is not entitled to any relief as to this argument and, therefore, there was no error on the part of either trial or appellate counsel in their failure to raise this issue.

*IV. Conclusion*

**IT IS, THEREFORE, BY THE COURT ORDERED THAT** defendant's motions pursuant to 28 U.S.C. § 2255 attacking a sentence imposed by this court in case nos. 92–20051–01 (Doc. # 67) and 92–20082–01 (Doc. # 37) are denied.

**IT IS SO ORDERED.**