**UNITED STATES of America**

v.

**David A. LANE, III, et al., Defendants.**

**Crim. No. 95–01–B.**

United States District Court,
D. Maine.

June 29, 1995.

---

*ORDER DENYING DEFENDANT'S MOTION TO DISMISS*

BRODY, District Judge.

Defendant, David Lane, has requested that the Court dismiss the criminal charges pending against him. He argues that allowing the Government to prosecute him on these charges would violate his rights under the Double Jeopardy Clause. Defendant contends that jeopardy previously attached as a result of three separate governmental actions: a state tax assessment; a civil forfeiture proceeding brought against certain of Defendant's vehicles; and a seizure of other vehicles with no resulting forfeiture proceedings undertaken. The Court will address each of these in turn.

## A. State of Maine Tax Assessment

Defendant was arrested in December 1994 for suspected drug trafficking activities. Not long thereafter, the state of Maine assessed an income tax of more than $8000 against Defendant based on the State's estimate of his income from the alleged drug trafficking. The State notified Defendant of this assessment on January 18, 1995. On February 8, 1995, the State levied Defendant's bank accounts in an attempt to satisfy the assessment.[1]

Defendant argues that jeopardy attached when the State assessed this tax. He acknowledges that actions taken by separate sovereigns do not generally constitute double jeopardy violations. *See United States v. 40 Moon Hill Road,* 884 F.2d 41, 43 (1st Cir. 1989) ("The doctrine of Double Jeopardy does not apply to suits brought by separate sovereigns, even if both are criminal suits for the same offense."). It is beyond dispute that the state of Maine and the United States are separate sovereigns for double jeopardy purposes. *Heath v. Alabama,* 474 U.S. 82, 89, 106 S.Ct. 433, 438, 88 L.Ed.2d 387 (1985) ("the proposition that the State and Federal Governments may punish the same conduct 'is too plain to need more than statement' ") (quoting *Westfall v. United States,* 274 U.S.

Timothy D. Wing, Asst. U.S. Atty., Bangor, ME, for U.S.

J. Hilary Billings, Bangor, ME, for defendants.

---

1. According to testimony at the hearing, officials seized $420 from Defendant's bank accounts.

256, 258, 47 S.Ct. 629, 629, 71 L.Ed. 1036 (1927)).

 Defendant contends, however, that the dual sovereignty doctrine does not apply to this case because the investigation leading to his arrest and the preparation for his prosecution have been joint federal and state activities. There is an exception to the dual sovereignty doctrine known as the "sham" or "cover" exception. *United States v. Branum*, 872 F.Supp. 801, 804 (D.Or.1994) (citing *Bartkus v. Illinois*, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959)). In order to establish that this exception applies, however, "a defendant must do more than show that there was cooperation between federal and state authorities." *Id.* Rather, the defendant must prove either that the " 'the subsequent prosecuting entity is a "tool" for the first, or the [later] proceeding is a "sham," done at the behest of the prior authority.' " *Id.* (quoting *United States v. Koon*, 34 F.3d 1416, 1439 (9th Cir.1994)). Defendant has not successfully established that either of these situations existed. Accordingly, the Court finds that the "sham" exception is inapposite and the dual sovereignty doctrine applies. Therefore, the state tax assessment presents no double jeopardy obstacles to the criminal charges in this case.

 The Court also notes that, even if the tax assessment and the prosecution had been pursued by the same sovereign, double jeopardy problems would not likely arise. The Court is not persuaded that the tax assessment be construed as a punishment for double jeopardy purposes. The tax in question is an income tax. It is not imposed solely on illicitly received income but rather on all income at the same rate. *Contra Department of Revenue v. Kurth Ranch*, —— U.S. ——, ————————, 114 S.Ct. 1937, 1946–48, 128 L.Ed.2d 767 (1994) (tax specific to illegal conduct and characterized as "remarkably high" was punishment for double jeopardy purposes). Because the tax at issue is not a punishment, no jeopardy attached with its assessment.

Although the Court has concluded that the tax does not implicate Defendant's rights to be free from double jeopardy, it does not condone the State's actions in calculating or assessing this tax. The State's approach may well be—as Defendant contends—fraught with imperfections. Nevertheless, the Court is not rendering judgment on the propriety of the State's assessment; rather it need only resolve the tax's double jeopardy implications.[2]

### B. Civil Forfeiture Proceedings

 When Defendant was arrested in Pennsylvania, government agents seized two trucks: a 1977 Kenworth tractor-trailer truck, which allegedly contained over a thousand pounds of marijuana; and a 1983 Chevrolet van. Federal officials instituted civil forfeiture proceedings against these vehicles soon after their seizure. Despite being notified of the forfeiture proceeding, Defendant failed to file a claim in that action. The trucks were subsequently forfeited through a summary forfeiture proceeding.

Defendant argues that jeopardy attached during this civil forfeiture proceeding and that prosecuting him on criminal charges for the same underlying conduct would violate his rights under the Double Jeopardy Clause. At least one Circuit has held that a civil forfeiture proceeding, when brought separately from the criminal prosecution, violates the Double Jeopardy Clause. *United States v. $405,089.23 United States Currency*, 33 F.3d 1210, 1218–22 (9th Cir.1994) (a civil forfeiture proceeding finalized nearly a year after the defendant was criminally convicted violated the Double Jeopardy Clause) (applying *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989) and *Austin v. United States*, —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993)).

This Court need not decide, however, whether requiring a defendant to stand trial in a criminal prosecution, after defending an *in rem* civil forfeiture, violates the Double Jeopardy Clause. In this case, Defendant never made a claim in the prior civil forfei-

2. The Court also notes that, under Maine law, Defendant had an opportunity to challenge that assessment but failed to do so. *See* 36 M.R.S.A. § 151 (outlining procedure for seeking review of decisions of the State Tax Assessor).

ture proceeding and thus was never a party to that action. There was no trial and the trucks were forfeited without opposition.

Under such circumstances, the Court finds that jeopardy did not attach at any time during the civil forfeiture proceedings. *United States v. Torres,* 28 F.3d 1463, 1465 (7th Cir.) (jeopardy did not attach where defendant did not file a claim and thus did not become a party to the civil forfeiture proceeding), *cert. denied,* —— U.S. ——, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994); *see also United States v. Nakamoto,* 876 F.Supp. 235 (D.Haw.1995) (following *Torres* approach); *United States v. Bradford,* 886 F.Supp. 744, 747–50 (E.D.Wash.1995) (McDonald, D.J.) (same); *United States v. Kemmish,* 869 F.Supp. 803 (S.D.Cal.1994) (same); *United States v. Walsh,* 873 F.Supp. 334 (D.Ariz. 1994) (same); and *Crowder v. United States,* 874 F.Supp. 700, 703–04 (M.D.N.C.1994) (in an alternative holding, court decided that default in forfeiture proceeding resulted in petitioner losing his standing to make a double jeopardy claim); *but see United States v. Almendarez Aguilar,* 886 F.Supp. 740, 743, n. 3 (E.D.Wash.1994) (McDonald, D.J.) (declining to follow *Torres* );[3] and 1 David B. Smith, *Prosecution and Defense of Forfeiture Cases,* ¶ 12.10 at 12–141 n. 33.1 (1995) ("To the extent that *Torres* may rest on the notion that an uncontested administrative forfeiture cannot place the owner 'in jeopardy,' it is probably incorrect.").

■ "You can't have double jeopardy without a former jeopardy." *Torres,* 28 F.3d at 1465 (citing *Serfass v. United States,* 420 U.S. 377, 389, 95 S.Ct. 1055, 1063, 43 L.Ed.2d 265 (1975)). "As a non-party, [the defendant] was not at risk in the forfeiture proceeding, and '[w]ithout risk of a determination of guilt, jeopardy does not attach, and neither an appeal nor further prosecution constitutes double jeopardy.' " *Id.* (quoting *Serfass,* 420 U.S. at 391–92, 95 S.Ct. at 1064).

Defendant attempts to distinguish the facts of this case from those presented in *Torres.* He argues that *Torres* involved a forfeiture of cash, the ownership of which

was uncertain, whereas in this case, the fact that Defendant owned the trucks does not appear to be in dispute. The distinction raised by Defendant, however, is not determinative. *Torres* did involve a forfeiture of cash. That court also stated that "because Torres did not make a claim in the forfeiture proceeding, we have no reason to believe that he owned or had any interest in the money." *Torres,* 28 F.3d at 1465. Nevertheless, the primary holding of *Torres* was that jeopardy did not attach in the civil forfeiture proceeding because Torres did not become a party to that proceeding. *Id., see also Kemmish,* 869 F.Supp. at 805 (holding that unopposed forfeiture of cash was not prior jeopardy and adding that "[e]ven where the unclaimed property is titled in the name of some person, personal rights protected by the Double Jeopardy Clause are not affected by the forfeiture of the property through administrative proceedings.").

The Court finds *Torres,* and the district courts that have followed it, to be persuasive authority. Defendant here filed no claim and was not a party in the prior forfeiture proceeding involving his vehicles. Accordingly, the Court rejects Defendant's contention that the civil forfeiture proceeding precludes any further punishment for the charged conduct.

*C. Seizure of Property from Defendant's Home*

■ On the same day that Defendant was arrested in Pennsylvania, agents also searched his home in Maine. During this search, agents seized a number of items. These included the following vehicles: (1) a 1979 GMC pick-up truck; (2) a 1986 Chevrolet Monte Carlo; (3) a 1990 GMC pick-up truck; (4) a Kenworth tractor rig; (5) a 1986 "reefer-style" trailer; and (6) a 1983 Vaco trailer. Agent Ken McMaster testified that agents seized these vehicles because a confidential informant stated that these vehicles were either purchased with the proceeds from drug trafficking or were used by Defendant in his illicit activities. Government agents did not seize a number of other vehi-

---

**3.** The Court notes the persuasiveness of the *Aguilar* decision may be significantly diminished in light of a later decision written by the same judge

which takes the opposite approach. *See United States v. Bradford,* 886 F.Supp. 744, 747–50 (E.D.Wash.1995) (following *Torres* ).

cles also on Defendant's property at the time of the search, namely: a red Subaru automobile; a motorcycle; and a white tractor-trailer truck—which Defendant contends is non-operative.

Agents returned the 1979 GMC pick-up truck to Defendant on February 13, 1995. They also returned the 1986 Monte Carlo and the 1990 GMC pick-up truck to Defendant on March 21, 1995. The other vehicles were handed over to lienholders.

Defendant argues that jeopardy attached when the Government seized his vehicles and transferred some of them to lienholders. The Court disagrees. *See United States v. Stanwood,* 872 F.Supp. 791, 798–800 (D.Or. 1994) (jeopardy did not attach in a civil forfeiture proceeding until entry of final judgment in that proceeding). Finding that jeopardy attached before the Government had even begun any formal forfeiture proceedings would be inconsistent with the Court's earlier decision to follow *Torres.*[4]

### D. Conclusion

The Court accordingly *DENIES* Defendant's Motion to Dismiss the Second Superseding Indictment.

*SO ORDERED.*

---

4. The Court makes no judgment about the propriety of the Government's actions under the Due Process Clause. Due process rights are sometimes implicated when the Government seizes property. *See e.g., Stanwood,* 872 F.Supp. at 799 n. 5 (the Government cannot simply seize the property and retain it for an indefinite period of time without potentially violating Defendant's due process rights) (citing *United States v. Park,* 947 F.2d 130, 136 (5th Cir.1991)). That issue is not currently before this Court. The Court was asked only to determine whether the seizures and subsequent transfers constitute a former jeopardy that would bar the current prosecution. The Court has decided that they do not.