**UNITED STATES of America,**
**Plaintiff/Respondent,**

v.

**Gerald L. CARLOS, Defendant/Movant.**

**Civ. No. 95–3063–SAC.**
**Crim. No. 91–10016–01.**

United States District Court,
D. Kansas.

Sept. 29, 1995.

Gerald L. Carlos, Rochester, MN, pro se.

D. Blair Watson, Office of United States Attorney, Wichita, KS, for U.S.

## MEMORANDUM AND ORDER

CROW, District Judge.

On March 13, 1991, the grand jury returned an eight count indictment charging Gerald L. Carlos with one count of conspiracy to distribute cocaine base (Count I), five counts of distribution of cocaine base (Counts II–VI), and two counts of carrying a firearm during and in relation to a drug trafficking crime (Counts VII–VIII). At trial, Carlos

was represented by Kiehl Rathbun, appointed counsel.

Trial of this case commenced on June 16, 1992. At the close of the government's case, the court granted Carlos' motion for judgment of acquittal on Count VIII, but denied his motion as it pertained to Counts I–VII. The case proceeded on the remaining counts. The primary theory of the defense was one of entrapment: undercover law enforcement officers entrapped Carlos, a person highly susceptible to suggestion based upon his low I.Q., into committing multiple narcotic or narcotic related offenses. Carlos requested and received an entrapment instruction. On June 22, 1992, the jury returned a verdict finding Carlos guilty on all of the remaining counts. On September 10, 1992, the court imposed sentence. The court imposed a primary term of incarceration of one hundred and twenty-one months on Counts I–VI and sixty months on Count VII, to be served consecutively. Carlos appealed his conviction of carrying a firearm during and in relation to a drug trafficking crime (Count VII), but apparently raised no other issues. *See United States v. Carlos,* No. 92–3341, 1993 WL 265149, 1993 U.S.App. LEXIS 17627 (10th Cir. July 14, 1993). The Tenth Circuit affirmed Carlos' conviction on Count VII.

This case comes before the court upon a motion pursuant to 28 U.S.C. § 2255 to vacate or set aside his sentence. Carlos advances the following arguments in support of his contention that he was denied effective assistance of counsel and/or that he is otherwise entitled to relief:

(1) Because his property was forfeited to the government prior to the time jeopardy attached in the criminal case, all of his criminal convictions are barred by double jeopardy.[1]

(2) Insufficiency of the evidence: The testimony of the government's expert was insufficient to prove that he (1) possessed crack cocaine and/or (2) that he possessed the amount of crack cocaine for which he was sentenced.

(3) Trial counsel's failure to raise the double jeopardy issue amounted to ineffective assistance of counsel.

(4) Trial counsel's failure to obtain independent chemical analysis of the evidence and to successfully challenge the government's expert's conclusions regarding his analysis of the cocaine constituted ineffective assistance of counsel.

(5) Trial court failed to instruct the jury on the definition of cocaine base, relieving the government of its burden of proving that he distributed cocaine base.

On September 13, 1995, the court gave notice to the government regarding Carlos' motion and set a time to file a response. The government responded, opposing Carlos' motion on several grounds. First, the government argues that Carlos' claims, to the extent that they were not raised on direct appeal, are barred. In response to Carlos' double jeopardy claim, the government argues, *inter alia,* that jeopardy never attached during the uncontested administrative forfeiture proceeding. In response to Carlos' claim that there was insufficient evidence to prove that he possessed cocaine base rather than cocaine, the government argues that Carlos' motion is devoid of legal or scientific authority. Moreover, the "United States submits that the tests and the expert's opinion regarding the type of narcotic involved were firmly grounded on scientific principles and established that the substance in question was cocaine base."

The court, having reviewed the defendant's motion, the government's response, the transcript of Carlos' trial, and the applicable law, denies his requests for relief. No evidentiary hearing is required as the issues presented by Carlos are purely questions of law. *See United States v. Guder,* No. 92–3150–C, 89–10059–02, 1992 WL 190698, at \*1, 1992 U.S.Dist. LEXIS 12445, at \*2 (D.Kan. July 2,

---

1. To the extent that Carlos' motion seeks to challenge the forfeiture of his property, those requests for relief are denied. *See United States v. Pledger,* 887 F.Supp. 1400, 1405 (D.Kan.1995) ("Defendant brought his motion under 28 U.S.C. § 2255, which confers jurisdiction on this court to vacate, set aside or correct an improper sentence resulting from a criminal case. There is no language in the statute which would purport to give the court jurisdiction to overturn the civil forfeiture against the defendant.").

1992), *aff'd,* No. 12445, 1992 WL 401591, 1992 U.S.App. LEXIS 33571 (10th Cir.1992).

## Applicable Law

### Section 2255 Motions

 Title 28, section 2255 provides in pertinent part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion for such relief may be made at any time.

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

A court may entertain and determine such motion without requiring the production of the prisoner at the hearing.

The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner. An appeal may be taken to the court of appeals from the order entered on the motion as from the final judgment on application for a writ of habeas corpus....

"Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal." *United States v. Warner,* 23 F.3d 287, 291 (10th Cir.1994) (citation omitted). "Consequently, a defendant may not raise claims that were not presented on direct appeal unless he can show cause and prejudice resulting from the error." *United States v. Cook,* 45 F.3d 388, 392 (10th Cir.1995) (citing *Warner*). *See United States v. Allen,* 16 F.3d 377, 378 (10th Cir.1994) ("A defendant who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed."). "A defendant may establish cause for his procedural default by showing that he received ineffective assistance of counsel in violation of the Sixth Amendment." *Cook,* 45 F.3d at 392 (citing *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)).

### Ineffective Assistance of Counsel

 The Sixth Amendment of the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." "An indigent defendant in a criminal trial has the constitutional right to the assistance of counsel." *Baker v. Kaiser,* 929 F.2d 1495, 1498 (10th Cir.1991) (citing *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)).

In criminal prosecutions, "the right to counsel is the right to effective assistance of counsel." *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14, 25 L.Ed.2d 763 (1970); *McGee v. Crist,* 739 F.2d 505, 506 (10th Cir.1984). The Sixth Amendment guarantee of effective assistance of counsel "demands that defense counsel exercise the skill, judgment and diligence of a reasonably competent defense attorney." *Dyer v. Crisp,* 613 F.2d 275, 278 (10th Cir.) (en banc), *cert. denied,* 445 U.S. 945, 100 S.Ct. 1342, 63 L.Ed.2d 779 (1980).

*United States v. Ruth*, 768 F.Supp. 1428, 1430 (D.Kan.1991), *aff'd*, 963 F.2d 383 (10th Cir.1992).

 To establish a claim for ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was constitutionally deficient, and (2) counsel's deficient performance was prejudicial. *Strickland [v. Washington]*, 466 U.S. [668] at 687 [104 S.Ct. 2052, at 2064, 80 L.Ed.2d 674] [ (1984) ]. Counsel's performance is deficient if the representation "falls below an objective standard of reasonableness." *Id.* at 690 [104 S.Ct. at 2066]. Prejudice is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694 [104 S.Ct. at 2068].

*Cook*, 45 F.3d at 392. "Restated, [the defendant] must show his attorney's performance was both substandard and prejudicial to his defense, taking into account the strength of the government's case." *United States v. Maxwell*, 966 F.2d 545, 548 (10th Cir.), *cert. denied*, 506 U.S. 1039, 113 S.Ct. 826, 121 L.Ed.2d 697 (1992).

Trial strategies necessarily evolve without the benefit of hindsight. Accordingly, we afford a high level of deference to the reasonableness of counsel's performance in light of all the circumstances at the time of the alleged error. (citations omitted). The ultimate inquiry, of course, focuses " 'on the fundamental fairness proceeding.' " [*United States v.] Miller*, 907 F.2d [994 (10th Cir.1990) ] at 997 n. 6 (quoting *Strickland*, 466 U.S. at 696, 104 S.Ct. at 2069).

*Maxwell*, 966 F.2d at 548. *See United States v. McGill*, 11 F.3d 223, 227 (1st Cir.1993) ("To avoid the shoals of ineffective assistance, an attorney's judgment need not nec-

essarily be right, so long as it is reasonable.").

## Double Jeopardy [2]

 In the early part of 1991, based upon information provided by an informant, undercover law enforcement officers began investigating Gerald Carlos. During the course of their investigation, undercover agents made multiple purchases of crack cocaine from Carlos. On February 22, 1991, Carlos was arrested based upon that investigation. On that same day, Carlos' 1983 GMC Jimmy 4 × 4 truck and cash totalling $910 were seized by arresting officers. On April 25, 1991, the 1983 GMC Jimmy 4 × 4 truck was forfeited to the United States pursuant to 19 U.S.C. § 1609. On May 2, 1991, the $910 was forfeited to the United States pursuant to 19 U.S.C. § 1609.

Prior to the time that the properties were administratively forfeited,[3] Carlos did not file a claim for either the truck or the money. Carlos was subsequently tried and convicted of federal crimes arising from the conduct leading to his arrest on February 22, 1991. Carlos now contends that double jeopardy barred his subsequent criminal convictions.

 The Double Jeopardy Clause of the Fifth Amendment provides: "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb.... " U.S. Const. amend. V. "The Fifth Amendment's guarantee against double jeopardy 'protects against multiple punishments for the same offense.' " *Mansfield v. Champion*, 992 F.2d 1098, 1100 (10th Cir.1993) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969)); *see United States v. Halper*, 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989) ("[T]he Double Jeopardy Clause protects against three distinct abuses: a second

**2.** Although Carlos did not raise this issue before this court or in his appeal to the Tenth Circuit, the court assumes that he is not procedurally barred from raising this issue in this § 2255 motion. *See United States v. Pledger*, 887 F.Supp. 1400, 1403 n. 2 (D.Kan.1995) ("The court finds that because defendant's argument is based in part on appellate decision decided subsequent to his appeal, a fundamental miscarriage of justice would occur if this court did not address his [double jeopardy] claims.").

**3.** After the property was actually forfeited, Carlos, through counsel, filed an action in federal court to recover the property. However, apparently upon learning that the property had already been forfeited, and in the face of an imminent motion to dismiss, Carlos voluntarily dismissed his case. *See Carlos v. United States*, No. 91–1403–C (Dk. 3 and Dk. 4).

prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense."). The Double Jeopardy Clause applies only to punitive sanctions. *See Id.* at 448–449, 109 S.Ct. at 1901–1902; *Manocchio v. Kusserow,* 961 F.2d 1539, 1541 (11th Cir.1992). In *Halper,* the Supreme Court held that "under the Double Jeopardy Clause a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution." *Id.,* 490 U.S. at 448–449, 109 S.Ct. at 1901–1902.

In light of recent Supreme Court precedent, *see Department of Revenue of Montana v. Kurth Ranch,* —— U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994); *Austin v. United States,* —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993); *Halper,* the federal courts have had numerous occasions to grapple with the difficult issue of whether a criminal conviction is barred by a prior civil forfeiture under principles of double jeopardy. The results have not been uniform. *Compare United States v. $405,089.23 in U.S. Currency,* 33 F.3d 1210 (9th Cir.1994) (government violated Double Jeopardy Clause by obtaining convictions in the criminal case and then continuing to pursue the civil forfeiture action), *amended but petition for rehearing denied,* 56 F.3d 41 (9th Cir.1995)[4]; *United States v. Ursery,* 59 F.3d 568 (6th Cir.1995) (civil forfeiture constituted punishment for double jeopardy purposes), *petition for cert. filed,* 64 U.S.L.W. 3161 (Aug. 28, 1995), *with United States v. Tilley,* 18 F.3d 295 (5th Cir.) (civil forfeiture of proceeds of sale of drugs serves remedial purpose of recouping governmental and societal costs), *cert. denied,* —— U.S. ——, 115 S.Ct. 574, 130 L.Ed.2d 490 (1994); *United States v. United States Currency in the Amount of $145,139,* 18 F.3d 73, 75 (2d Cir.) ("In accordance with traditional concepts of forfeiture, Congress has made the undeclared money the culprit" and therefore owner not punished by civil forfeiture), *cert. denied sub nom Etim v. United States,* —— U.S. ——, 115 S.Ct. 72, 130 L.Ed.2d 27 (1994).

The court, in its independent research of this issue could find no case from the Tenth Circuit dispositive of the specific issue raised by Carlos. In *United States v. McDermott,* 64 F.3d 1448 (10th Cir.1995), the defendant argued, *inter alia*[5], that he was subjected to double jeopardy by being criminally prosecuted after the government had filed civil forfeiture proceedings against him to which he had responded. Specifically, the defendant argued that his criminal conviction following the institution of civil forfeiture proceedings subjected him to multiple punishments for the same offense. Summarizing the order of events in *McDermott:*

1. Officers execute search warrant on defendant's property.

2. FBI sends McDermott notice that it was proceeding administratively to forfeit a pickup truck and boat used by McDermott to transport a controlled substance.

3. McDermott responds to FBI's letter, stopping the administrative forfeiture and forcing the government to file a judicial forfeiture. McDermott files an answer to the FBI's complaint for forfeiture.

4. Grand jury indicts McDermott. Conspiracy count also alleges that McDermott's pickup and boat are subject to criminal forfeiture.

5. Civil forfeiture stayed pending outcome of criminal case.

6. McDermott convicted and pickup and boat forfeited. Government's motion to dismiss civil proceeding granted.

The Tenth Circuit held that McDermott's criminal case was not barred by double jeopardy:

---

4. Seven judges dissented from the Ninth Circuit's decision denying rehearing: "By failing to rehear this case en banc, the court lets stand a decision that 'could free hundreds of drug dealers across the western United States.' " 56 F.3d at 42 (quoting *Why a Major Drug Suspect May Go Free,* S.F. Chron., May 9, 1995, at A1.).

5. McDermott successfully argued that the district court violated his Sixth Amendment Right of self-representation by refusing to let him participate in bench conferences when he was proceeding with standby counsel.

The courts do not appear to agree on when jeopardy attaches in civil administrative and judicial forfeiture proceedings. Mr. McDermott argues that jeopardy attached when his property was seized or when he filed his administrative claim and/or his answer in the judicial proceeding. He has not pointed us to any decisions, however, and we are aware of none, that hold that jeopardy attaches when property is seized. Nor do we consider the mere filing of an administrative claim sufficient to trigger jeopardy, at least where that act converts the proceeding to a judicial one with opportunity for hearing.

Mr. McDermott has asserted that he was placed in jeopardy of double punishment and does not appear to be arguing that he was subjected to double prosecution. Admittedly, once double jeopardy analysis was expanded from the criminal to the civil context, the distinction between these two prongs blurred significantly. But whether we analyze Mr. McDermott's argument under only one prong or both, he loses. We have previously held that for purposes of multiple prosecution analysis, jeopardy did not attach in an administrative debarment proceeding before the adjudicative hearing stage. *See Bizzell,* 921 F.2d at 266. We now hold that jeopardy cannot attach any earlier for multiple punishment purposes, at least where a defendant does not settle a case and thus incur civil "punishment" before an adjudicative hearing. *See United States v. Ursery,* 59 F.3d 568, 570–573, 1995 WL 411189 at **2–4 (6th Cir.1995) (jeopardy attached before trial in civil forfeiture case when court entered consent judgment). This civil proceeding never got to a hearing or a settlement, so jeopardy cannot have attached. The criminal case, therefore, was not double jeopardy.

64 F.3d 1448, 1455 (footnotes omitted).

In reaching its decision in *McDermott,* the Tenth Circuit specifically made clear that it was not deciding the issue presented by Carlos' motion: "We need not and do not decide here, when, if ever, jeopardy attaches in an uncontested administrative forfeiture, which occurs automatically without a hearing after the required notice is given and 20 days pass." 64 F.3d 1448, 1455.

Although the Tenth Circuit has not decided the issue, the vast majority of courts addressing the issue have held that jeopardy does not attach where the defendant does not file a claim to property and therefore does not become a party to the civil forfeiture proceeding. *See United States v. Cretacci,* 62 F.3d 307 (9th Cir.1995) (criminal prosecution following an administrative forfeiture does not offend the double jeopardy clause); *United States v. Baird,* 63 F.3d 1213 (3rd Cir.1995);[6] *United States v. Torres,* 28 F.3d 1463 (7th Cir.) (You can't have double jeopardy without a former jeopardy."), *cert. denied,* —— U.S. ——, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994); *United States v. El–Difrawi,* 898 F.Supp. 3 (D.D.C.1995); *United States v. Lane,* 891 F.Supp. 8 (D.Me.1995); *but see United States v. Almendarez Aguilar,* 886 F.Supp. 740, 743 (E.D.Wash.1994) ("It is irrelevant whether, as the government claims, Aguilar failed to contest the forfeiture.") (McDonald, D.J.); *United States v. Heitzman,* 886 F.Supp. 737 (E.D.Wash.1994) (civil administrative forfeiture provided initial jeopardy even though defendant failed to file a claim in the administrative forfeiture proceeding) (McDonald, D.J.).[7]

---

**6.** In *Baird,* the Third Circuit stated:

"[W]e cannot fathom how an administrative forfeiture, under section 881(a)(6), of unclaimed alleged drug proceeds could possibly be held to constitute 'punishment' in relation to an individual's double jeopardy claim. Any 'punishment' resulting from the administrative forfeiture of suspected drug proceeds is punishment only in the abstract, wholly unattached to any specific person, and thus cannot serve as the basis for a double jeopardy claim. This is because administrative forfeiture does not, and, by its very definition, cannot, entail a determination of ownership of the property to be forfeited. All property administratively forfeited is, as a matter of law, 'ownerless' property, and the taking of ownerless property 'punishes' no one. Because Baird never asserted an interest in the money that was seized from his residence, he cannot now claim to have been punished by its forfeiture."

63 F.3d 1213, 1218.

**7.** However, in 1995, Judge McDonald followed *Torres* in *United States v. Bradford,* 886 F.Supp. 744, 747–750 (E.D.Wash.1995).

The court recognizes that its ruling on this issue conflicts to some degree with the position

This court joins the majority of federal courts deciding the issue and finds that jeopardy did not attach during the uncontested administrative forfeiture.[8] Consequently, Carlos' subsequent criminal prosecution was not barred by double jeopardy, nor, necessarily, was his counsel's performance deficient for failing to raise the issue of double jeopardy.

### Sufficiency of the Evidence and Related Claims

▮ The balance of Carlos' contentions primarily challenge the sufficiency of the evidence. Specifically, Carlos argues that there was insufficient evidence for the jury to conclude that the substance he possessed was actually cocaine base instead of cocaine hydrochloride. In this same vein, Carlos argues that his counsel was deficient in failing to hire a chemist to independently analyze the substances and thereby demonstrate that the substance was not crack cocaine. Neither contention has merit.

▮ Unlike his double jeopardy claim, Carlos' attacks on the sufficiency of the evidence appear to be procedurally barred. *See Allen,* 16 F.3d at 377 ("[I]f the government raises procedural bar, the courts must enforce it and hold the defendant's claims procedurally barred unless cause and prejudice or a miscarriage of justice is shown."). Nothing argued by Carlos demonstrates that these claims are not procedurally barred; consequently, they are denied on that basis alone. Assuming, *arguendo,* that these claims are not procedurally barred for failing to raise them on direct appeal, they nevertheless fail on the merits.

▮ "The sufficiency of the evidence is not a cognizable attack under § 2255."

*United States v. Powell,* Nos. 93–3071–SAC, 90–10049–01, 1993 WL 270520, at *2, 1993 U.S.Dist. LEXIS 9830, at *6 (D.Kan. June 3, 1993) (citations omitted). "Instead, the issue is 'whether the verdict of guilty was so devoid of evidentiary support as to raise a due process issue.'" *Id.* (quoting *Lorraine v. United States,* 444 F.2d 1, 2 (10th Cir.1971) (citations omitted)).

▮ In this case, Carlos falls far short of demonstrating that the verdict is devoid of evidentiary support. In fact, Carlos' own motion basically proves the sufficiency of the evidence. Carlos apparently concedes that the substance he distributed was some form of cocaine but argues that the controlled substance may not have been crack cocaine. Consequently, his challenge to the sufficiency of the evidence pertaining to his convictions for distribution of crack cocaine runs aground at that point, for Carlos' argument is based upon a misapprehension of the operation of 21 U.S.C. § 841. "Section 841(a)(1) makes it unlawful to knowingly or intentionally manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, 'a controlled substance.'" *United States v. Deisch,* 20 F.3d 139, 148 (10th Cir.1994). In contrast, "[s]ection 841(b)(1) is merely a penalty provision and as such does not change the elements of cocaine trafficking offenses, rather it lengthens the penalties that Congress has already imposed for those offenses." *United States v. Easter,* 981 F.2d 1549, 1557 (10th Cir.1992), *cert. denied,* ⸺ U.S. ⸺, 113 S.Ct. 2448, 124 L.Ed.2d 665 (1993). "[T]he drug quantity which invokes the various statutory minimums in section 841(b) 'is *not* an element of the substantive offense upon which the

---

taken in two prior decisions. In *United States v. Aguilar,* 886 F.Supp. 740, the court indicated that it was irrelevant whether or not the defendant had contested his civil forfeiture action. The court considered yet declined to follow the holding of *United States v. Torres,* 28 F.3d 1463 (7th Cir.1994). Similarly, in *United States v. Heitzman,* 886 F.Supp. 737, the court found that a civil administrative forfeiture provided initial jeopardy despite the fact that the defendant apparently failed to file any claim in relation to the administrative forfeiture proceeding. With respect to any incongruity, the

court notes that at the time of its decisions in *Aguilar* and *Heitzman,* it was without the benefit of the district court cases relied upon above. 886 F.Supp. at 749 n. 2. *See Lane,* 891 F.Supp. at 11 n. 3 ("The court notes the persuasiveness of the *Aguilar* decision may be significantly diminished in light of a later decision written by the same judge which takes the opposite approach.").

**8.** Carlos' belated attempts to challenge the forfeiture do not change the court's analysis of this issue.

charge is based,' but rather is 'a sentencing provision independent of the substantive charges to which it applies.'" *United States v. Reyes,* 40 F.3d 1148, 1151 (10th Cir.1994) (quoting *United States v. Jenkins,* 866 F.2d 331, 334 (10th Cir.1989)). Restated, "the identity of the involved controlled substance as being 'cocaine base' rather than simply 'cocaine' is not an element of any section 841(a)(1) offense. For a section 841(a)(1) offense involving cocaine base the indictment need only allege, and the jury need only find that the substance was cocaine, and whether or not it was the 'cocaine base' form of cocaine is purely a sentencing factor." *Deisch,* 20 F.3d at 151. *See United States v. Levy,* 904 F.2d 1026, 1034 (6th Cir.1990) ("Under section 841(b)(1)(B), *the district court* determines the quantity and type of controlled substance for the purpose of sentencing."), *cert. denied,* 498 U.S. 1091, 111 S.Ct. 974, 112 L.Ed.2d 1060 (1991).

▓▓▓▓ In any event, the court has carefully reviewed the trial transcript of the government's expert who opined that the substance admitted into evidence against Carlos was crack cocaine. Nothing argued by Carlos casts any doubt as to whether the substance he distributed was crack cocaine. The jury's verdict is amply supported by the evidence in the record. Moreover, nothing in defense counsel's performance was deficient. Contrary to the defendant's suggestion, defense counsel's cross-examination of the expert during trial was not deficient. Nor was counsel's failure to seek funds from the court pursuant to 18 U.S.C. § 3006A to obtain an independent evaluation of the substance identified as crack cocaine constitutionally deficient. "The court need not appoint an expert unless it is convinced that such services are necessary to an adequate defense." *United States v. Greschner,* 802 F.2d 373, 377 (10th Cir.1986) (citations omitted), *cert. denied,* 480 U.S. 908, 107 S.Ct. 1353, 94 L.Ed.2d 523 (1987). "Furthermore, it is the defendant's burden to make a showing of necessity." *Id.* (citations omitted). In short, Carlos has not demonstrated that an expert was necessary to an adequate defense, and therefore his

counsel's decision to not seek an independent analysis of the substances was reasonable. *See United States v. King,* No. 92–6363, 1993 WL 430344, 1993 U.S.App. LEXIS 28355 (10th Cir. October 26, 1993),[9] *cert. denied,* —— U.S. ——, 114 S.Ct. 725, 126 L.Ed.2d 689 (1994).

In fact, counsel for the defense focused on presenting the most viable and, as a practical matter, the only defense available: entrapment. In the face of the unassailable mountain of evidence that the defendant entered a conspiracy to distribute crack cocaine, distributed crack cocaine to undercover agents, and carried a firearm during one drug transaction with an undercover agent (using the firearm as collateral for the drug transaction), that tack was imminently reasonable. The mere fact that the jury returned a verdict of guilty in no way undermines his counsel's performance.

To the extent that Carlos' motion can be construed as challenging the amount of cocaine base attributed to him for purposes of sentencing, the court simply notes that the government clearly fulfilled its burden of proving the amount of cocaine base attributable to Carlos.

▓▓▓▓ Finally, Carlos challenges the propriety of the jury instructions. Carlos argues that the court's instructions alleviated the government's obligation to prove that he distributed cocaine base. Based upon the previous analysis, this argument is without merit. In any event, the court's instructions clearly and accurately explained the government's burden. The court's failure to include the chemical description of cocaine base was not error, nor was the inclusion of such a description necessary to sustain Carlos' convictions or his sentence.

IT IS THEREFORE ORDERED that Carlos' motion to proceed *in forma pauperis* (Dk. 92) is granted.

IT IS FURTHER ORDERED that Carlos' motion pursuant to 28 U.S.C. § 2255 to va-

**9.** Although *King* is an unpublished opinion and is therefore not binding precedent, it has persuasive value and assists the court in the disposition of this legal issue. *See In re Citation of Unpublished Opinions/Orders and Judgments,* 151 F.R.D. 470 (10th Cir.1993).

cate, set aside, or correct sentence by a person in federal custody (Dk. 91) is denied.