**UNITED STATES of America, Plaintiff,**

**v.**

**ALL FUNDS, MONIES, SECURITIES, MUTUAL FUND SHARES, AND STOCKS HELD IN FIDELITY INVESTMENTS ACCOUNT NUMBERS: T082579628; X01–085871; (351) 0433395287; (349) 0422295436; (336) 0436178206; (321) 0422271650; (319) 0422279075; (314) 0422294892; (302)** 0436201354; (300) 0422294579; (096) 0422279067; (064) 0422279083; (042) 0422274712; (028) 0436170351; (022) **0422299016, and All Funds in Winchester Savings Bank Account Number 100896150, Defendants.**

**Thomas E. Kneeland Back Bay, Ltd., Claimants.**

**Civ. A. No. 94–10895–WGY.**

United States District Court, D. Massachusetts.

June 20, 1995.

William K. Parker, David Abelman, and Patrick Hamilton, Office of the U.S. Atty., Boston, MA, for the U.S.

Howard Keim, Scotsdale, AZ, for defendants.

Thomas E. Kneeland, Jr., Plymouth, MA, pro se.

Leonard M. Davidson, Schlesinger & Buchbinder, Newton, MA, for claimants.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

This civil forfeiture action involves certain property seized by the Government pursuant to a warrant issued on December 2, 1993, by United States Magistrate Judge Marianne B. Bowler, who found sufficient probable cause to warrant the seizure of the defendant property on the ground that it is subject to forfeiture pursuant to 18 U.S.C.A. § 981(a)(1)(A) (West Supp.1993) as constituting property involved in transactions or attempted transactions in violation of 18 U.S.C.A. § 1956 & 1957 (West Supp.1993), or property traceable to such property. Two claimants, Thomas E. Kneeland ("Kneeland") and Back Bay, Ltd., have raised claims to the defendant property.

## I. BACKGROUND

A federal grand jury has indicted Kneeland and specifically identified the defendant assets as forfeitable in the criminal forfeiture counts in that indictment. *United States of America v. Kneeland,* CR No. 94–10078–DPW, Count 105 (D.Mass., filed March 30, 1994). Kneeland has been ordered detained pending the outcome of the criminal proceeding.

This civil forfeiture action was ordered stayed pursuant to 21 U.S.C.A. § 881(i) (West Supp.1994) on October 28, 1994. Since then, the government has diligently pursued the related criminal indictment against Kneeland.

Kneeland has not been idle, however. On April 20, 1995, he filed a "motion to lift stay" which he also denominated as a "motion for a speedy trial" and "motion to conduct hearing on forfeiture and seizure." The motion to lift the stay was initially denied by this Court *sua sponte* on April 25, 1995, but, thinking the better of that course, it sought an opposition from the Government if the Government continued to believe that a stay of this civil forfeiture action was in order.

Since filing his original motion, Kneeland has served similar motions approximately every two to three days.[1] All the additional motions are either duplicative or utterly without merit. The Court denies them all, confining its discussion to the Motion to Lift Stay and related case management issues.

---

1. *See, e.g.,* "Motion for Emergency Hearing Under Title 18 Sec[.] 3161 and under Title 18 Sec[.] 981 U.S.C." served on April 26, 1995 (also entitled by the claimant "Defendant, Thomas E. Kneeland's Motion for an Order to Lift Temporary Stay and to Conduct a Post Restraint Hearing of the Seizure of His Assets in a Criminal Case and Denial of Counsel Due to Defendant Being Declared Indigent in April 1994"); "Motion for Emergency Hearing to Dismiss Complaint with Prejudice for Violation of Title 18 U.S.C.A. Section 3161 (Speedy Trial) Motion to Lift and Vacate Stay" served on April 27, 1995 (also entitled by the claimant "Motion of the Defendant, Thomas E. Kneeland, Involuntarily Pro Se to Dismiss the Complaint with Prejudice for Violation of the Said Defendant's Right to a Speedy Trial Under Title 18 U.S.C.A. 3161"); "Defendant's Motion to Lift Stay and to Strike Answer of Back Bay, Ltd. and Motion for Judgment for the Defendant as the Only Party in Interest and in Standing" served on April 29, 1995 (also entitled by the claimant "Defendant's Motion to Lift Stay and to Strike Answer of Back Bay, Ltd[.] for Lack of Standing and Jurisdiction of the Court"); "Motion to Lift Stay and Motion for Partial Summary Judgment under Rule 56 and Motion to Strike [A]nswer of Back Bay, Ltd[.] filed 75 days after [C]ase was [A]dministratively CLOSED BY ORDER OF COURT" served on May 3, 1995 (also entitled by the claimant "Defendant's Motion for Partial Summary Judgment and Defendant's Motion for an Emergency Hearing on the Forfeitability of Defendant's Assets and Lack of Counsel and Motion to Strike Late Filed Answer in Case Administratively Closed").

## II.  ANALYSIS

As Judge Zobel has explained in *United States v. 167 Woodland Road, Newton, Massachusetts*, No. 94–10851–RWZ, slip op. at 2–3, 1994 WL 707129, (D.Mass. Dec. 2, 1994):

> The civil forfeiture statute provides for a stay of the civil action when an indictment relating to that proceeding has been filed and good cause is shown.  21 U.S.C.A. § 881(i) (West Supp.1994).  "In enacting section 881(i), Congress anticipated that compelling discovery in the context of a civil forfeiture proceeding might force the Government to prematurely disclose information in the related criminal proceeding. . . ."  *United States v. Leasehold Interests In 118 Ave. D*, 754 F.Supp. 282, 285 (E.D.N.Y.1990).  Therefore, upon the filing of an indictment the Court must grant the government's motion for a stay if it finds good cause.  *Id.*  "In making the [good cause] determination . . . [however], 'the court should exercise its *discretion* and determine whether the hardships to the claimant are outweighed by the government's interest in avoiding civil discovery.' "  *Id.* at 286 (citations omitted) (emphasis added).

■ The rationale behind 21 U.S.C.A. § 881(i) (West Supp.1994) simply does not apply in this district, given our local rules governing discovery which arise from the district's Expense and Delay Reduction plan.  In this district, there is an absolute bar on Kneeland's conducting any discovery whatsoever of the Government until he has first provided the detailed disclosures mandated by Fed.R.Civ.P. 26(a)(1) (Initial Disclosures); Local Rule 26.2(A) (Automatic Required Disclosure).  Since those disclosures will constitute admissions against him in the criminal proceeding, on balance there is little likelihood of premature discovery of the Government's criminal case.  Moreover, whatever likelihood there is can be handled by careful case management of the discovery process in this civil forfeiture action.

The Government goes on to argue that

> during the pendency of the criminal proceedings, the stay served to preserve scarce resources, including, in particular, judicial resources.  It would be wasteful for both this civil forfeiture action *and* the forfeiture claims asserted in the related criminal proceeding to be heard by two judges in the same district.  Moreover, by the time the civil action approaches resolution, it is likely that the criminal proceeding will already be concluded.

Charitably put, this is a bit disingenuous.  If there is any waste, it is entirely of the Government's making.  It is the Government that has sought the forfeiture of these same assets in two separate proceedings.  What is more, given the present state of the civil docket in this district, the Government well knows that it can have a virtually immediate trial on the civil forfeiture proceeding should it wish.

■ Procedurally, with the cases in their present posture, the Government has the best of all worlds.  It has invoked the equitable powers of this Court to freeze the assets and deny Kneeland access to them while, at the same time, both enjoying potentially two bites at the forfeiture apple [2] and avoiding

---

2. The requisite standard of proof in a criminal forfeiture claim is a matter of some uncertainty in the circuits, *compare United States v. Nichols*, 841 F.2d 1485, 1500 (10th Cir.1988) (government must prove forfeiture in same manner it would prove any other charged offense); *United States v. Dunn*, 802 F.2d 646, 647 (2d Cir.1986) (proof beyond a reasonable doubt required), *cert. denied*, 480 U.S. 931, 107 S.Ct. 1568, 94 L.Ed.2d 760 (1987); *United States v. Cauble*, 706 F.2d 1322, 1347–48 (5th Cir.1983) (reasonable doubt), *cert. denied*, 465 U.S. 1005, 104 S.Ct. 996, 79 L.Ed.2d 229 (1984); *with United States v. Elgersma*, 971 F.2d 690, 694 (11th Cir.1992) (en banc) (criminal forfeiture is an element of sentencing and therefore need only be proven by a preponderance of the evidence); *United States v. Smith*, 966 F.2d 1045, 1050–52 (6th Cir.1992) (fair preponderance); *United States v. Herrero*, 893 F.2d 1512, 1541–42 (7th Cir.), *cert. denied*, 496 U.S. 927, 110 S.Ct. 2623, 110 L.Ed.2d 644 (1990) (fair preponderance), within this district, *compare United States v. Houlihan*, Cr. No. 93–10291–WGY (D.Mass., March 8, 1995) (charging the jury to find proof beyond a reasonable doubt for criminal forfeiture) *with United States v. Rogers*, Cr. No. 92–10203–MLW (D.Mass., May, 1995) (Wolf, J.) (charging jury under the preponderance of the evidence standard), and even within this session, *compare United States v. Houlihan, supra, with United States v. Berthoff*, Cr. No. 93–30009–WGY (D.Mass. March 8, 1994) (charging

double jeopardy concerns.[3]

 One need not resolve the knotty double jeopardy issues presented by the Government's manner of proceeding in these two cases, see *Witte v. United States,* — U.S. —, —, 115 S.Ct. 2199, 2209, 132 L.Ed.2d 351; *United States v. Halper,* 490 U.S. 435, 435–36, 109 S.Ct. 1892, 1895, 104 L.Ed.2d 487 (1989); *United States v. $405,089.23,* 33 F.3d 1210, 1216 (9th Cir.1994); *Changes in the Double Jeopardy Landscape* THE CHAMPION 31 (May 1995); Richard C. Reuben, *Double Jeopardy Claims Gaining,* ABA JOURNAL 16 (June 1995), to conclude that continuing the stay in these circumstances over Kneeland's strenuous objection is improvident. If these two cases are related so that double jeopardy principles prevent the litigation of one once jeopardy has attached in the other, then the Government ought make an election as to which case it wishes to pursue. After all, if double jeopardy principles ultimately will allow but one case to proceed, this case will be mooted upon the swearing of the jury in the criminal case or the criminal prosecution will be barred once judgment enters here.

The Government will hardly allow the latter event to occur, and it would appear that they could avoid it by the voluntary dismissal of this civil action. Nor will they lose their hold on these assets by doing so. Application may promptly be made to Judge Woodlock to freeze these assets pursuant to 21 U.S.C.A. § 853(e) (West Supp.1993). In this fashion the government may obtain all the security they now enjoy but this Court will be handling a single case rather than the present two.

On the other hand, if double jeopardy principles do not bar these two parallel actions, then all the equities favor giving Mr. Kneeland the prompt disposition he seeks inasmuch as the local rules render it so unlikely that, in the present posture, there will be any discovery in the civil forfeiture case at all.

### III. CONCLUSION

For the above states reasons, the Court enters the following case management order herein:

1. In the discretion of this Court, the stay heretofore entered ought to be, and hereby is, lifted.

2. Within thirty days of the date of this Order, the Government shall move for summary judgment upon its civil forfeiture claims or be barred from making such motion.

3. Within sixty days of the date of this Order, Kneeland shall file his opposition to the Government's motion for summary judgment.

4. The case is placed upon the Court's Running Trial List for trial in September, 1995.

5. Save for the relief afforded herein, all Kneeland's other motions are denied.

---

jury under the preponderance of the evidence standard).

Whatever the standard of proof, however, if suffices here to note that if the Government must prove its forfeiture claims either beyond a reasonable doubt or by a fair preponderance in the criminal matter, it need only establish probable cause in order to prevail in this civil forfeiture action, see, e.g., *United States v. 1933 Commonwealth Avenue, Newton, Mass.,* 913 F.2d 1, 3 (1st Cir.1990) (government in a civil forfeiture case need only establish probable cause, then burden shifts to claimant to produce evidence to disprove government's contention by a preponderance of the evidence); *United States v. $250,000 in United States Currency,* 808 F.2d 895, 897 (1st

Cir.1987) (same). Thus, even if the Government fails to obtain an award of criminal forfeiture in the criminal proceeding, it is at least theoretically possible—but for double jeopardy concerns, see n. 3, *infra*—that it could go ahead with its civil forfeiture claim in an attempt to satisfy its vastly lower standard of proof.

3. "Jeopardy may attach at the conclusion of the civil forfeiture action, thereby precluding the government from going forward on its related criminal case against claimant." *United States v. 167 Woodland Road, Newton, Massachusetts,* No. 94–10851–RWZ, slip op. at 2, 1994 WL 707129 (D.Mass. Dec. 2, 1994) (Zobel, J.).